## Richmond

LLOYD WAYNE DELAWDER v. COMMONWEALTH OF VIRGINIA.

June 11, 1973.

Record No. 8178.

Present, All the Justices.

*Lawrence H. Hoover, Jr.* (*Hoover & Hoover*, on brief), for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for defendant in error.*

CARRICO, J., delivered the opinion of the court.

The defendant, Lloyd Wayne Delawder, was convicted by a jury of involuntary manslaughter in the highway traffic death of a pedestrian, Earl Everett Mason. The trial court approved the verdict and sentenced the defendant to serve six months in jail and to pay a fine of $1000, as fixed by the jury. We granted the defendant a writ of error which poses two questions, namely:

1. Did the evidence present a jury question whether the gross negligence of the defendant was a proximate cause of the death of Mason?

2. Was the defendant entitled to an instruction which would have permitted the jury to find him guilty of reckless driving rather than involuntary manslaughter?

The evidence shows that the fatal accident occurred at approximately 6:00 p.m. on August 22, 1971, on Route No. 259 in Rockingham County. The weather was clear and the road surface was dry.

Route 259 is a two-lane paved highway running generally east and west at the scene of the accident. The defendant was proceeding in an easterly direction. He was operating a Dodge Super Bee with "a high-performance engine" and "racer type equipment." Just before the accident occurred, the defendant had rounded a curve, followed by a Chevrolet Corvette operated by Lonnie Williams Mook. The two cars were "right together" and were traveling at speeds of 80 to 100 miles per hour.

After rounding the curve, the defendant's vehicle went out of control. The car veered to the wrong side of the road, ran onto the left shoulder, turned over end for end, then rolled from side to side, and ended up sliding on its top before coming to rest 643 feet from the point where it first made a skid mark on the highway. In its erratic course, the vehicle struck and killed Mason, who had been standing on the north side of the highway between two mailboxes.

Three eyewitnesses who testified for the Commonwealth stated that just before the defendant's vehicle went out of control, it was struck in the rear by the Corvette operated by Mook. However,

when the defendant, testifying in his own behalf, was asked whether his vehicle was struck before it went out of control, he stated, "Not to my knowledge." The defendant claimed that after he rounded the curve he saw Mason run across the road 400 feet ahead of him and that when he lightly applied his brakes his car started sliding and he lost control.

Against this factual background, the defendant contends that, as a matter of law, his gross negligence was a remote and not a proximate cause of Mason's death. The proximate cause, the defendant argues, was the intervening negligence of Mook in running into the rear of his vehicle and causing it to go out of control.

■ We reject the defendant's contention for two reasons. In the first place, the defendant disavowed, as has been noted, the idea that any act of Mook caused his vehicle to go out of control. The defendant's position was that the mere act of lightly applying his brakes caused him to lose control of his vehicle. Whether the defendant made the disavowal to protect Mook, with whom he was on a first-name basis, or for some other reason, the record does not disclose. However, the fact remains that the defendant is bound by what he said on the witness stand and what he said negates the proposition that any act of Mook rendered remote the defendant's negligent conduct.

■ Secondly, assuming that the defendant is permitted to rely upon the fact that his car was struck in the rear before it went out of control, it does not follow as a matter of law that his negligence was a remote cause of Mason's death. This may be demonstrated by reference to familiar principles.

For the defendant's negligence to have become a remote cause of Mason's death, Mook's negligence must have been an independent, intervening act alone causing the fatal injury. *Hubbard* v. *Murray*, 173 Va. 448, 455-56, 3 S.E.2d 397, 401 (1939). But the negligence of Mook and the defendant, in operating their vehicles "right together" around a curve at speeds of 80 to 100 miles per hour, occurred contemporaneously and continued in operation up to the very point in time and place that the defendant's vehicle went out of control, resulting in the death of Mason. Therefore, the negligence of Mook was not an intervening but a concurring cause. *Schools* v. *Walker*, 187 Va. 619, 629-30, 47 S.E.2d 418, 423 (1948); *White* v. *Southern Ry. Co.*, 151 Va. 302, 320-21, 144 S.E. 424, 429 (1928).

■ Even if the striking of the defendant's vehicle by Mook be considered a separate act of negligence, the result is the same. This is so because that very act should have been foreseen by both drivers in the reckless circumstances under which they were operating their vehicles. An intervening act which is reasonably foreseeable cannot be relied upon as breaking the chain of causal connection between an original act of negligence and subsequent injury. *Scott v. Simms*, 188 Va. 808, 817, 51 S.E.2d 250, 253 (1949).

The least that can be said of this case is that the evidence presented a jury question whether the defendant's negligence was remote, whether it was the sole cause of Mason's death, or whether it concurred with the negligence of Mook to cause the fatal injury. Thus, it was not error to submit the question of proximate cause to the jury.

■ The other contention of the defendant is that the court erred in refusing to instruct the jury that it could find him guilty of reckless driving rather than involuntary manslaughter. He was entitled to such an instruction, the defendant asserts, because reckless driving is a lesser-included offense within the crime of involuntary manslaughter.

We reject this contention out of hand in view of an earlier decision of this court, a decision not cited to us by either party to this appeal. In *Dykeman v. Commonwealth*, 201 Va. 807, 810, 113 S.E.2d 867, 869-70 (1960), we held that "reckless driving and involuntary manslaughter are two separate and distinct offenses," although arising out of the same occurrence. The lesser offense is not, therefore, included within the other.

The judgment of the trial court will be affirmed.

*Affirmed.*