PRESENT:  Keenan, Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Lacy, S.J.

DOUGLAS MICHAEL BROWN, JR.

v.   Record No. 090013

OPINION BY
JUSTICE BARBARA MILANO KEENAN
November 5, 2009

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal from a defendant's conviction for involuntary manslaughter, we consider whether the evidence was sufficient to establish that the defendant was a proximate cause of the death of a driver who was killed when his car was struck by a police cruiser during a high-speed chase to apprehend the defendant.

Douglas Michael Brown, Jr. was convicted in a bench trial in the Circuit Court of the City of Colonial Heights of leaving the scene of an accident, in violation of Code § 46.2-894; feloniously eluding a police officer, in violation of Code § 46.2-817(B); driving after having been declared an habitual offender, second offense, in violation of Code § 46.2-357(B); and involuntary manslaughter.  In this appeal, we consider only Brown's involuntary manslaughter conviction, for which he was sentenced to ten years' imprisonment, with five years suspended.

The evidence at trial showed that Officer Mark Bowen of the Chesterfield County Police Department was investigating the

scene of an automobile accident when he heard "squealing" tires as a vehicle approached from around a corner. Officer Bowen used his flashlight to signal to the driver, whom he later identified as Brown, that he should stop the vehicle.

Brown stopped the vehicle at an intersection, and Officer Bowen approached the driver's side window. When Officer Bowen directed Brown to move his vehicle to the side of the road, Brown instead accelerated toward Officer Bowen. Brown's vehicle passed within five feet of Officer Bowen, and made the next available turn onto Route 1 in a southbound direction.

Officer Avery James, II, of the Chesterfield County Police Department, who was investigating the nearby accident, received a radio dispatch from Bowen. Officer Bowen described the "van" driven by Brown, and warned that Brown may be "a drunk driver." Officer James soon observed the van, which was traveling at a speed of about 70 miles per hour in a 45 mile-per-hour zone. He activated his police cruiser's emergency lights and siren, and began pursuing Brown's vehicle.

The two vehicles traveled toward Colonial Heights at speeds ranging between 80 and 110 miles per hour. The van weaved abruptly through traffic, forcing Officer James to "take evasive action" to avoid hitting other cars in the southbound lanes of Route 1.

Another driver, Rhonda Watts, was traveling eastbound toward Route 1 in Colonial Heights. When she entered the intersection at Route 1, she saw a "big flash" and a "big vehicle" move through the intersection in front of her. Officer James' police car followed behind that vehicle.

Officer James swerved to avoid hitting Watts' vehicle, lost control of his police car, and struck another car that was approaching the intersection from the opposite direction. The driver of the other car, James H. Sears, was killed in the collision. The police later apprehended Brown.

Following his conviction in the circuit court, Brown appealed only his involuntary manslaughter conviction to the Court of Appeals. In an unpublished order, the Court of Appeals affirmed Brown's conviction, holding that the evidence was sufficient to support the circuit court's judgment. Brown v. Commonwealth, Record No. 1274-08-2 (Nov. 25, 2008). The Court held that Brown was criminally negligent and that because he "set the course of events in motion" that resulted in the collision, he proximately caused Sears' death. Id., slip op. at 4. The Court also determined that "it was foreseeable that there was an inherent risk that a police officer could lose control of his vehicle while pursuing [Brown], posing a danger to others." Id. We awarded Brown this appeal.

Brown argues that his actions did not directly cause Sears' death, but that Sears died solely because of Officer James' decision to continue the high-speed chase into a populated area. Brown asserts that despite his own actions in attempting to elude the police, he is not criminally responsible for Sears' death because it was not foreseeable that Officer James would continue to chase Brown's vehicle at the speeds involved. We disagree with Brown's arguments.

On appeal, we consider the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court, and we accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence. Britt v. Commonwealth, 276 Va. 569, 573, 667 S.E.2d 763, 765 (2008); Jay v. Commonwealth, 275 Va. 510, 524, 659 S.E.2d 311, 319 (2008); Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). When a defendant challenges the sufficiency of the evidence, we give the judgment of a circuit court sitting without a jury the same weight as a jury verdict. Britt, 276 Va. at 573-74, 667 S.E.2d at 765; Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001); Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999). We will affirm the circuit court's judgment unless it is plainly wrong or without evidence to support it. Code § 8.01-680; Britt, 276 Va. at 574, 667 S.E.2d at 765; Jay, 275 Va. at 524,

4

659 S.E.2d at 319; <u>Bolden</u>, 275 Va. at 148, 654 S.E.2d at 586; <u>Tarpley</u>, 261 Va. at 256, 542 S.E.2d at 763.

The common law crime of involuntary manslaughter consists of two elements: 1) the accidental killing of a person, contrary to the intention of the parties; and 2) the death occurs during the defendant's performance of an unlawful but not felonious act, or in the defendant's improper execution of a lawful act. <u>West v. Director, Dep't of Corrs.</u>, 273 Va. 56, 63-64, 639 S.E.2d 190, 195 (2007); <u>Dowden v. Commonwealth</u>, 260 Va. 459, 470, 536 S.E.2d 437, 443 (2000); <u>Cable v. Commonwealth</u>, 243 Va. 236, 240, 415 S.E.2d 218, 220 (1992). To constitute involuntary manslaughter, the "improper" execution of a lawful act must amount to an unlawful commission of that lawful act, demonstrating criminal negligence. <u>West</u>, 273 Va. at 64, 639 S.E.2d at 195; <u>Cable</u>, 243 Va. at 240, 415 S.E.2d at 220; <u>Kirk v. Commonwealth</u>, 186 Va. 839, 847, 44 S.E.2d 409, 413 (1947).

In cases involving the operation of a motor vehicle, we generally have defined involuntary manslaughter as an accidental killing that is proximately caused by criminal negligence involving conduct "so gross, wanton, and culpable as to show a reckless disregard of human life." <u>Greenway v. Commonwealth</u>, 254 Va. 147, 154, 487 S.E.2d 224, 228 (1997) (quoting <u>King v. Commonwealth</u>, 217 Va. 601, 607, 231 S.E.2d 312, 316 (1977)); <u>see also</u> <u>Riley v. Commonwealth</u>, 277 Va. 467, 483-84, 675 S.E.2d 168,

5

177 (2009); Gooden v. Commonwealth, 226 Va. 565, 571, 311 S.E.2d 780, 784 (1984).  Criminal negligence is judged according to an objective standard and, thus, may be found when the defendant either knew or should have known the probable consequences of his acts.  Riley, 277 Va. at 483-84, 675 S.E.2d at 177; see Gallimore v. Commonwealth, 246 Va. 441, 445-46, 436 S.E.2d 421, 424 (1993); Cable v. Commonwealth, 243 Va. 236, 240, 415 S.E.2d 218, 220 (1992).

We also have defined criminal negligence with reference to gross negligence.  We have stated that gross negligence is punishable as criminal negligence when acts of a wanton or willful character, committed or omitted, show "a reckless or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury, or which make it not improbable that injury will be occasioned, and the offender knows, or is charged with the knowledge of, the probable result of his acts."  Riley, 277 Va. at 484, 675 S.E.2d at 177 (quoting Cable, 243 Va. at 240, 415 S.E.2d at 220); see also Bell v. Commonwealth, 170 Va. 597, 611-12, 195 S.E. 675, 681 (1938).  To convict a defendant of involuntary manslaughter based on such acts of criminal negligence, the Commonwealth must also prove that the defendant's criminally negligent conduct was a proximate cause of the victim's death.  Gallimore, 246 Va. at

6

445-46, 436 S.E.2d at 424; Cable, 243 Va. at 240, 415 S.E.2d at 220; King, 217 Va. at 607, 231 S.E.2d at 316.

Established principles of proximate causation are applicable in both civil and criminal cases. Robinson v. Commonwealth, 274 Va. 45, 53, 645 S.E.2d 470, 474 (2007); Gallimore, 246 Va. at 447, 436 S.E.2d at 425. A proximate cause is "an act or omission that, in natural and continuous sequence unbroken by a superseding cause, produces a particular event and without which that event would not have occurred." Williams v. Joynes, 278 Va. 57, 62, 677 S.E.2d 261, 264 (2009); accord Williams v. Le, 276 Va. 161, 167, 662 S.E.2d 73, 77 (2008); see Coyle v. Commonwealth, 50 Va. App. 656, 666, 653 S.E.2d 291, 296 (2007). Because an event can have more than one proximate cause, criminal liability can attach to each actor whose conduct is a proximate cause unless the causal chain is broken by a superseding act that becomes the sole cause of the death. See Gallimore, 246 Va. at 447, 436 S.E.2d at 425; O'Connell v. Commonwealth, 48 Va. App. 719, 728, 634 S.E.2d 379, 383 (2006).

When a defendant's criminally negligent conduct "put[s] into operation" an intervening cause of a death, the defendant remains criminally responsible for that death. See Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265-66 (1998); Gallimore, 246 Va. at 447, 436 S.E.2d at 425. Thus, an intervening cause of such death that is a probable consequence

7

of the defendant's own conduct will not constitute a superseding cause breaking the chain of proximate causation.  See Gallimore, 246 Va. at 447, 436 S.E.2d at 425; Delawder v. Commonwealth, 214 Va. 55, 58, 196 S.E.2d 913, 915 (1973).  In contrast, an independent, intervening act that alone causes the victim's injury or death is recognized as a superseding cause that will exempt the defendant from criminal responsibility for his or her conduct.  Hubbard v. Commonwealth, 243 Va. 1, 14, 413 S.E.2d 875, 882 (1992); O'Connell, 48 Va. App. at 728-29, 634 S.E.2d at 384; see Joynes, 278 Va. at 63, 677 S.E.2d at 264.

Applying these principles, we first observe that Brown has not assigned error to the Court of Appeals' holding that his driving conduct was criminally negligent.  Therefore, that holding is binding on appeal, and we consider only the remaining issue of proximate causation.[*]  See Rule 5:17(c); Ortiz v. Commonwealth, 276 Va. 705, 713, 667 S.E.2d 751, 756 (2008).  The issue of proximate causation before us is whether Officer James' actions were a superseding cause of Sears' death, relieving Brown of criminal responsibility for his driving conduct, or

---

[*] We also observe that Brown's other convictions that are not challenged in this appeal may qualify as unlawful acts for purposes of an involuntary manslaughter analysis.  However, we need not consider them here, because the Court of Appeals based its holding on Brown's criminal negligence, which constitutes an independent basis for involuntary manslaughter when accompanied by proof of proximate causation.  See Greenway, 254 Va. at 154, 487 S.E.2d at 228; King, 217 Va. at 607, 231 S.E.2d at 316.

whether Brown remains criminally responsible for his driving conduct because he "put into operation" Officer James' acts.

The record shows that Officer James acted in direct response to Brown's decision to flee from Officer Bowen, and to Officer Bowen's warning that Brown might be intoxicated. Brown continued to drive at speeds reaching 110 miles per hour, executing dangerous driving maneuvers, with full knowledge that the police were chasing him. Based on these facts, Officer James' high-speed chase to apprehend Brown and Sears' death were a direct result of Brown's reckless driving. See Gallimore, 246 Va. at 447, 436 S.E.2d at 425; Hubbard, 243 Va. at 14, 413 S.E.2d at 882; Delawder, 214 Va. at 57-58, 196 S.E.2d at 915.

Because Brown's actions "put into operation" the high-speed chase, Officer James' intervening actions were not a superseding cause that alone caused Sears' death. See Joynes, 278 Va. at 63, 677 S.E.2d at 264-65; Jenkins, 255 Va. at 521, 499 S.E.2d at 265-66; Gallimore, 246 Va. at 447, 436 S.E.2d at 425; Hubbard, 243 Va. at 14, 413 S.E.2d at 882. Thus, we hold that Brown is criminally responsible for Sears' death because his conduct was a proximate cause of that death, and was a cause without which Sears' death would not have occurred. See Joynes, 278 Va. at 262-63, 677 S.E.2d at 264; Gallimore, 246 Va. at 447, 436 S.E.2d at 425; O'Connell, 48 Va. App. at 728-29, 634 S.E.2d at 383-84.

9

In reaching this conclusion, we observe that the reasonableness of Officer James' actions is not an issue before us. See Mayo v. Commonwealth, 218 Va. 644, 647, 238 S.E.2d 831, 833 (1977). Officer James' driving conduct is relevant only to the issue whether that conduct was a superseding cause of Sears' death or, as we have decided, was an intervening act "put into operation" by Brown's acts.

Finally, we find no merit in Brown's request that we alter our analysis to add a principle from the felony-murder rule, namely, that responsibility for an accidental death occurring during the commission of a felony will be placed on a defendant only if the death is inflicted by the defendant or by a third-party acting in furtherance of the defendant's crime. See Bailey v. Commonwealth, 229 Va. 258, 262, 329 S.E.2d 37, 40 (1985); Wooden v. Commonwealth, 222 Va. 758, 763-65, 284 S.E.2d 811, 814-16 (1981); Rivers v. Commonwealth, 21 Va. App. 416, 426, 464 S.E.2d 549, 554 (1995). Citing this principle, Brown argues that he is not criminally responsible for Sears' death, because Officer James did not act in furtherance of Brown's crime but was working to thwart Brown's criminal conduct. We disagree with Brown's analysis.

Under the felony-murder rule, the law distinguishes those acting in furtherance of a felony from those acting to thwart the commission of that crime, because the element of malice is

10

supplied under the rule and is assigned only to criminal actors. See <u>Bailey</u>, 229 Va. at 264, 329 S.E.2d at 41; <u>Wooden</u>, 222 Va. at 762, 284 S.E.2d at 814. This distinction is irrelevant here, however, because malice is not an element of involuntary manslaughter. See <u>Rhodes v. Commonwealth</u>, 238 Va. 480, 485, 384 S.E.2d 95, 98 (1989). Thus, regardless whether Officer James was acting to thwart Brown's criminally negligent conduct when the fatal accident occurred, the issue before us remains whether Brown's criminally negligent conduct caused Sears' death, unbroken by a superseding cause. See <u>Gallimore</u>, 246 Va. at 445-46, 436 S.E.2d at 424; <u>Cable</u>, 243 Va. at 240, 415 S.E.2d at 220; <u>King</u>, 217 Va. at 607, 231 S.E.2d at 316.

Accordingly, we hold that the Court of Appeals did not err in concluding that the evidence supports the circuit court's judgment. The evidence was sufficient to establish the crime of involuntary manslaughter because Officer James' actions did not break the chain of proximate causation between Brown's criminally negligent conduct and Sears' death.

For these reasons, we will affirm the Court of Appeals' judgment.

<u>Affirmed.</u>

11