PRESENT:  All the Justices

COMMONWEALTH OF VIRGINIA

v.  Record No. 201204

OPINION BY
JUSTICE D. ARTHUR KELSEY
OCTOBER 28, 2021

MARK SPENCER CADY

FROM THE COURT OF APPEALS OF VIRGINIA

In this case, the Commonwealth appeals a split decision by a panel of the Court of Appeals, *Cady v. Commonwealth*, 72 Va. App. 393 (2020).  The decision reversed a misdemeanor conviction based upon a jury verdict finding Mark Spencer Cady guilty of reckless driving in violation of Code § 46.2-852.  The Commonwealth alleged that Cady, while driving along a two-lane road, wholly abandoned his duty to keep a proper lookout for a substantial period of time and recklessly struck and killed a motorcyclist who had stopped to make a left turn.  The Commonwealth contends that the Court of Appeals erroneously held as a matter of law that no rational jury could have found Cady guilty of reckless driving.

We agree with the Commonwealth, reverse the Court of Appeals, and reinstate the trial court's conviction order.  Our reasoning tracks two aspects of this case:  the mens rea requirement applicable to misdemeanor reckless driving and the standard of appellate review governing jury verdicts.

I.

Criminal recklessness, the requisite mens rea specified in Code § 46.2-852 for a misdemeanor reckless-driving conviction, requires a reckless "disregard by the driver of a motor vehicle for the consequences of his act and an indifference to the safety of life, limb, or property" of others.  *See Powers v. Commonwealth*, 211 Va. 386, 388 (1970).  This requirement is more than simple negligence, as that concept is used in civil tort cases, but it is less than "gross,

wanton, and culpable" negligence, the mens rea requirement for felony involuntary manslaughter,[1] *Noakes v. Commonwealth*, 280 Va. 338, 345-46 (2010) (citation omitted); *Mayo v. Commonwealth*, 218 Va. 644, 647 (1977) (citation omitted); *see Richardson v. Commonwealth*, 192 Va. 55, 56-57 (1951) (recognizing that a "mere violation" of the reckless-driving statute, by itself, "is insufficient to bring the negligent act within the common law definition of involuntary manslaughter"); *cf. Rich v. Commonwealth*, 292 Va. 791, 802 (2016) (defining the mens rea requirement in a DUI maiming case).

Despite these subtle differences, an "objective standard" applies to all three levels of mens rea, and the requisite mens rea "may be found to exist when the defendant either knew or should have known the probable results of his acts." *Noakes*, 280 Va. at 346 (alteration and citation omitted) (applying the objective standard to the highest level of mens rea governing felony involuntary manslaughter, and, thus, a fortiori making it applicable to all lower levels of criminal negligence). In this respect, the mens rea standards of criminal negligence primarily involve differences in degree. To be sure, even when courts apply the highest degree of mens rea in involuntary manslaughter cases,

> the "measuring stick" is the same in a criminal case as in the law of torts. It is the exercise of due care and caution as represented by the conduct of a reasonable person under like circumstances, and this in itself is intended to represent the same requirement whatever the case may be. But whereas the civil law requires conformity to this standard, a very substantial deviation is essential to criminal guilt.

---

[1] The statute criminalizing involuntary manslaughter caused by driving under the influence, however, has its own lesser mens rea requirement. *Compare* Code § 18.2-36.1(A) (criminalizing the act of "driving under the influence" and "unintentionally caus[ing] the death of another person" as "involuntary manslaughter"), *with* Code § 18.2-36.1(B) (upgrading the offense to "aggravated involuntary manslaughter" if the conduct of the defendant driving under the influence "was so gross, wanton and culpable as to show a reckless disregard for human life").

Rollin M. Perkins & Ronald N. Boyce, Criminal Law 843 (3d ed. 1982); *see Brown v. Commonwealth*, 278 Va. 523, 528 (2009); *Bell v. Commonwealth*, 170 Va. 597, 611 (1938).

Consistent with this approach, we have explained that "[w]hat distinguishes a speeding violation from the misdemeanor of reckless driving, and the misdemeanor from the felony of involuntary manslaughter, is the likelihood of injury to other users of the highways." *Mayo*, 218 Va. at 648. Determining "the degree of the hazard posed" by the defendant's driving, therefore, heavily "depends upon the circumstances in each case." *Id.* Informed by these principles, we turn next to the sufficiency of the evidence in this case.

II.

When presented with a sufficiency challenge in criminal cases, we review the evidence in the "light most favorable" to the Commonwealth, the prevailing party in the trial court. *Commonwealth v. Hudson,* 265 Va. 505, 514 (2003). "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018) (citation omitted).[2] Considering the evidence from that vantage point, "[a]n appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Williams v. Commonwealth*, 278 Va. 190, 193 (2009) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). Instead, the only "relevant

---

[2] Our sufficiency review "is not limited to the evidence mentioned" by counsel during their trial arguments. *Perry v. Commonwealth*, 280 Va. 572, 580 (2010) (quoting *Bolden v. Commonwealth*, 275 Va. 144, 147 (2008)). Instead, "an appellate court must consider all the evidence admitted at trial that is contained in the record," *id.* (quoting *Bolden*, 275 Va. at 147), and "not merely the evidence that the reviewing court considers most trustworthy," *Commonwealth v. Jenkins*, 255 Va. 516, 522 (1998).

question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010).

We need not repeat in detail the competing factual narratives of the parties in this case. They agree on some facts, disagree on others, and wholly part company with respect to what inferences, if any, a rational trier of fact could discern from the evidence. For the reasons stated in the dissenting opinion in the Court of Appeals, we agree that "[a]pplying their common sense and experience to these facts, the jur[ors] reasonably could and did conclude that the reason [Cady] plowed into the victim and his motorcycle without taking any evasive action is that he was not looking at the road and had not been for some time." *Cady*, 72 Va. App. at 410 (Russell, J., dissenting).

Viewed in the light most favorable to the Commonwealth, the evidence supports the jury's verdict. Cady "had music playing," J.A. at 43, 356; *see id.* at 360, prior to the collision and did not "remember seeing or striking" the motorcycle, *id.* at 43. He bewilderedly asked, "What happened?" immediately after the collision. *Id.* at 314. No evidence suggested that Cady's view of the motorcyclist was obstructed by environmental conditions or that Cady was experiencing a medical emergency. The large burgundy motorcycle was stopped directly in front of Cady in his lane and within his full, unobstructed view, and the motorcyclist had his left turn signal on while waiting to make a left turn. The collision occurred on a straight stretch of road on a clear, sunny day.

Based upon this evidence, a rational trier of fact could reasonably infer that the accident in this case was not the result of a "split-second, momentary failure to keep a lookout," constituting only simple negligence, but rather a "lengthy, total, and complete" failure to keep a

4

lookout, satisfying the mens rea requirement for reckless driving in violation of Code § 46.2-852. *Cady*, 72 Va. App. at 410 (Russell, J., dissenting). The Court of Appeals erred in concluding otherwise.

III.

For these reasons, we reverse the decision of the Court of Appeals and reinstate the trial court's conviction order.

*Reversed and final judgment*.