PRESENT:  All the Justices

COMMONWEALTH OF VIRGINIA

                                        OPINION BY
v.  Record No. 230511                   JUSTICE WESLEY G. RUSSELL, JR.
                                         MAY 9, 2024
STEPHEN LAMAR GARRICK

FROM THE COURT OF APPEALS OF VIRGINIA

Following a bench trial, Stephen Lamar Garrick was convicted of possession of heroin

and possession of a firearm by a violent felon.  Concluding that the evidence was insufficient to

support a finding of constructive possession, the Court of Appeals reversed the convictions.  We

granted the Commonwealth an appeal.  For the reasons that follow, we conclude that the Court of

Appeals erred and reverse the judgment of the Court of Appeals.

## I.  BACKGROUND

On June 26, 2020, Virginia Beach Police responded to a call for assistance at a

convenience store parking lot where a man was reportedly seen slumped over the steering wheel

of a vehicle.  Officers arrived around 10:15 p.m. and found Garrick asleep in the driver's seat of

a vehicle with the engine running.  An officer attempted to rouse Garrick through the open

driver's side window, succeeding only after multiple attempts.  During his interaction with

Garrick, the officer observed that Garrick had trouble keeping his eyes open, his speech was

slow and slurred, his eyes were watery and glassy, and his general demeanor was "dazed and

confused."  Additionally, the officer detected a strong odor of alcohol on Garrick's breath and a

faint odor of marijuana inside the vehicle and on Garrick's person.  Based on the odor of

marijuana, police searched the vehicle.

In the vehicle's glove compartment, police found a plastic bag containing more than 24 grams of heroin and a loaded .380 caliber handgun. One bullet "was racked inside of the chamber, and then three were inside of the handgun magazine." Officers also found two receipts for maintenance that had been performed on the vehicle. Both of the receipts, which were dated March 2020 and May 2020 respectively, listed Garrick as the customer. Garrick told officers that his mother was the owner of the vehicle and that he drove it three days a week.

The trial court, sitting as factfinder, found that Garrick constructively possessed both the heroin and the firearm that had been found in the glove compartment. In doing so, the trial court noted not only the proximity of Garrick to the items but also that Garrick was the sole occupant of the vehicle, he drove the vehicle regularly, and that the automobile maintenance receipts listing him as the customer were "literally intermingled with the firearm and the drugs[.]"

Garrick appealed the convictions, challenging the sufficiency of the evidence proving possession.[1] A three-judge panel of the Court of Appeals reversed his convictions. In an unpublished opinion, the Court of Appeals concluded that the evidence at trial was insufficient to prove Garrick possessed either the heroin or the firearm. The panel reasoned that the evidence—namely Garrick's occupancy of the vehicle, his proximity to the items in the glove compartment, and his admission that he drove the vehicle three days a week—was insufficient to establish constructive possession. Acknowledging that "maintenance receipts bearing Garrick's name" were also found among the contents of the glove compartment, the panel explained that the receipts "merely serve as cumulative evidence of the uncontested fact that Garrick regularly used

---

[1] Garrick also appealed to the Court of Appeals the trial court's denial of his motion to suppress the evidence that the police found during the search of the vehicle. The Court of Appeals assumed for the purposes of its opinion that the trial court correctly denied the motion to suppress. Any issues related to the motion to suppress are not before us in this appeal.

the car" and did not make it more probable that Garrick knew about the heroin and firearm. *Garrick v. Commonwealth*, Record No. 1415-21-1, 2023 Va. App. LEXIS 347, at *5 (May 30, 2023). Despite there being no evidence before the factfinder that anyone other than Garrick ever drove the vehicle, the Court of Appeals, in explaining its conclusion, stated that "the evidence shows that Garrick was not the only person who used the car [and] . . . [t]he record reflects at least one other person—Garrick's mother—regularly used the car[.]" *Id.* at *5-6.

The Court of Appeals denied the Commonwealth's petition for a rehearing en banc, and the Commonwealth then appealed to this Court.

## II. ANALYSIS

### A. Standard of review

When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one. Appellate courts are not tasked with "say[ing] that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt . . . as an original proposition[.]" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)). Answering that question is the province of a factfinder, whether judge or jury, in a trial court. Rather, for an appellate court, "[t]he only 'relevant question is . . . whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (emphasis added) (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)).

In answering this limited question, "[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). As a result, an appellate court is *required* to "review the evidence in the light most favorable to the Commonwealth, the

3

prevailing party in the trial court[,]" *Commonwealth v. Perkins*, 295 Va. 323, 323 (2018) (internal quotation marks omitted) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 236 (2016)), and to "accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence." *Brown v. Commonwealth*, 278 Va. 523, 527 (2009). An appellate court may neither find facts nor draw inferences that favor the losing party that the factfinder did not. This remains so even when the factfinder *could* have found those facts or drawn those inferences but, exercising its factfinding role, elected not to do so. If, viewed in this manner, the evidence and the supporting inferences are "sufficient to support the conviction, the reviewing court is not permitted to substitute its own judgment for that of the trier of fact, even if its opinion might differ from the conclusions reached by the trier of fact." *Jordan v. Commonwealth*, 286 Va. 153, 156-57 (2013). An appellate court that fails to defer to the factfinder in such a circumstance has committed "an abuse of [its] appellate powers[.]" *Barney*, 302 Va. at 97.

### B. Constructive possession and circumstantial evidence

Garrick was charged with possession offenses—possession of heroin and possession of a firearm after having been convicted of a violent felony. *See* Code §§ 18.2-250 and -308.2. It is well-established that to obtain a conviction for such possessory offenses, the Commonwealth must produce evidence sufficient to allow a rational factfinder to conclude beyond a reasonable doubt that the defendant intentionally and consciously possessed the contraband with knowledge of its nature and character. *See Bolden v. Commonwealth*, 275 Va. 144, 148 (2008) (unlawful possession of a firearm); *Young v. Commonwealth*, 275 Va. 587, 591 (2008) (possession of a controlled substance). Possession can be either actual or constructive. *Rawls v. Commonwealth*, 272 Va. 334, 349 (2006); *Walton v. Commonwealth*, 255 Va. 422, 426 (1998). To support a conviction based upon constructive possession, the Commonwealth must point to evidence of

4

acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the contraband and that the contraband was subject to his dominion and control.[2] *Bolden*, 275 Va. at 148; *Drew v. Commonwealth*, 230 Va. 471, 473 (1986).

In determining whether the evidence is sufficient to permit a rational factfinder to conclude that a defendant constructively possessed an item, "an appellate court must consider all the evidence admitted at trial[.]" *Bolden*, 275 Va. at 147. The appellate "inquiry does not distinguish between direct and circumstantial evidence, as the fact finder itself 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 512-13 (2003)). A conviction may rest on circumstantial evidence alone; in fact, "in some cases circumstantial evidence may be the only type of evidence which can possibly be produced." *Pijor*, 294 Va. at 512 (quoting *Stamper v. Commonwealth*, 220 Va. 260, 272 (1979)).

"A circumstantial fact is admitted on the basis of an inference when the inference is a probable explanation of another fact and a more probable and natural one than other explanations, if any." *Toler v. Commonwealth*, 188 Va. 774, 780 (1949). Most often a circumstantial fact, viewed in isolation, will be insufficient to establish a basis for a conviction. Appellate courts, however, "eschew the divide-and-conquer approach, which examines each incriminating fact in isolation[.]" *Barney*, 302 Va. at 97. Rather, appellate review recognizes

---

[2] In this case, there can be no serious argument that, if Garrick were aware of the presence of the heroin and firearm in the glove compartment, he would not have been aware of their nature and character. After all, the firearm looked like what it was, a firearm, and the heroin looked and was packaged like a controlled substance. Similarly, there can be no serious argument that, if he were aware of their presence, the items were not subject to Garrick's dominion and control. Accordingly, the arguments in the trial court, the Court of Appeals, and this Court have focused on whether Garrick was aware of the presence of the items.

that, although a "single piece of evidence may [not] be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." *Moseley*, 293 Va. at 463 (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)). To be sufficient to support a conviction, the combined circumstances "must prove guilt beyond a reasonable doubt but not beyond all doubt." *Barney*, 302 Va. at 98 (internal quotation marks and citations omitted).

## C. Application to Garrick

Viewed through the appropriate appellate lens, the evidence was sufficient to allow a reasonable factfinder to conclude that Garrick was aware of the presence of the heroin and firearm recovered from the glove compartment. Accordingly, the evidence was sufficient to permit a rational factfinder to conclude beyond a reasonable doubt that Garrick constructively possessed both the heroin and the firearm.

The evidence established that, seated in the driver's seat of the vehicle, Garrick was in close proximity to both the heroin and the firearm. Although close proximity to contraband standing alone is insufficient to establish constructive possession, the fact that Garrick was within arm's reach of the glove compartment, and thus, within arm's reach of the heroin and firearm, "is a circumstance probative of possession and may be considered as a factor in determining whether [he] possessed the" heroin and firearm. *Bolden*, 275 Va. at 148. The probative value of Garrick's proximity to the items increased given that he was the sole occupant of the vehicle. As such, he was the only person within arm's reach of the contraband when the officers encountered him.

In addition to establishing proximity, the evidence allowed a rational factfinder to conclude that Garrick had been in the vehicle for a significant period of time and was not in the

6

vehicle by mere happenstance. From the evidence, a reasonable factfinder could conclude that Garrick had not just entered the vehicle when the officers encountered him. The evidence supported the rational conclusion that Garrick had been in the vehicle long enough to (1) drive the vehicle to the convenience store, (2) fall asleep, (3) have someone notice that he had been sleeping in the vehicle for a period long enough to warrant that person notifying the police, and (4) have the police respond and eventually rouse Garrick.

Additionally, the evidence was sufficient to establish that Garrick's involvement with the vehicle was more extensive than simply occupying it that night. Garrick's own statement to officers established the vehicle was owned by Garrick's mother and that he drove the vehicle regularly. In fact, there was no evidence offered to establish that anyone else ever drove the vehicle. By inference, a rational factfinder could conclude from the evidence offered that Garrick was the vehicle's primary, if not exclusive, driver and was not a stranger to it.

Such a conclusion finds further support in the discovery of the automobile maintenance receipts in the glove compartment. Contrary to the Court of Appeals' conclusion that "the receipts, without more, merely serve as cumulative evidence of the uncontested fact that Garrick regularly used the car[,]" *Garrick*, 2023 Va. App. LEXIS 347, at *5, the automobile maintenance receipts provide additional information regarding Garrick, the vehicle, and the contraband. Those receipts demonstrate that Garrick did not just drive the vehicle, but also that he took it for repairs/maintenance on multiple occasions in the months preceding the discovery of the heroin and firearm. Thus, Garrick is not just an occasional driver of the vehicle but is responsible for its maintenance. From this, the factfinder was free to conclude that Garrick is no stranger to the vehicle and his presence in it on the night in question was far from a unique event.

7

Additionally, the presence of multiple documents from different dates bearing Garrick's name in the glove compartment allowed the factfinder to conclude that, in addition to driving and maintaining the vehicle, Garrick used the glove compartment. This conclusion, coupled with the proximity of Garrick's documents to the heroin and firearm in the glove compartment, rationally ties Garrick not just to the vehicle and its glove compartment, but to the heroin and firearm.

All of these facts take on additional significance given that both heroin and firearms are valuable items. As the Court of Appeals previously has recognized regarding drugs found in a glove compartment, "[a] factfinder is permitted to infer that '[items] . . . of significant value[ are] unlikely to be abandoned or carelessly left in an area.'" *Ervin v. Commonwealth*, 57 Va. App. 495, 517 (2011) (en banc) (quoting *Ward v. Commonwealth*, 47 Va. App. 733, 753 n.4 (2006)). Accordingly, the factfinder was free to reject the suggestion, unsupported by anything more than rank speculation, that some wholly unknown person left the heroin and the firearm in the vehicle for some unknown period of time.

Although it is true that any of these facts are insufficient in and of themselves to demonstrate beyond a reasonable doubt that Garrick constructively possessed the heroin and the firearm, collectively they "combined" to allow "a reasonable mind [to be led] irresistibly to a conclusion." *Moseley*, 293 Va. at 463. Accordingly, the evidence, viewed under the appropriate appellate standard, was sufficient to allow a rational factfinder, here the trial judge, to conclude that Garrick was aware of the presence of the heroin and firearm.

The Court of Appeals erred in concluding otherwise. Although the Court of Appeals correctly stated the standard of review, *Garrick*, 2023 Va. App. LEXIS 347, at *3, it reached its erroneous conclusion because it failed to adhere to that standard.

8

The best example of the Court of Appeals' departure from the appropriate standard is its statement that "the evidence shows that Garrick was not the only person who used the car [and] . . . [t]he record reflects at least one other person—Garrick's mother—regularly used the car[.]" *Garrick*, 2023 Va. App. LEXIS 347, at *5-6. As noted above, no evidence was offered that established that anyone other than Garrick ever drove the vehicle. The only evidence regarding Garrick's mother and the vehicle was that she owned it; no one ever testified or offered other evidence that Garrick's mother ever drove it. Similarly, Garrick's statement that he drove the vehicle "three out of seven" days does not constitute affirmative evidence that anyone else drove the vehicle as opposed to it remaining parked on the days that Garrick did not drive it.

This is not to say that a rational *factfinder* considering the evidence could not have drawn different inferences from the evidence and reached a different conclusion. It may be permissible for a rational factfinder to conclude that a vehicle's owner likely drives it or that a vehicle is driven more than three days a week. In this case, however, the factfinder did not draw those inferences, but rather, implicitly rejected them. The appellate standard of review precludes an appellate court from drawing inferences that were rejected by the factfinder, and therefore, the Court of Appeals erred by substituting its judgment for that of the factfinder and by drawing inferences that favored the party that lost at trial. *See Perkins*, 295 Va. at 323; *Brown*, 278 Va. at 527.

## III.  CONCLUSION

The evidence adduced at trial and the inferences that a reasonable factfinder could draw from that evidence were sufficient to prove beyond a reasonable doubt that Garrick constructively possessed both the heroin and the firearm that were found in the vehicle he was

9

driving.  The Court of Appeals erred in concluding otherwise.  Accordingly, we reverse the

judgment of the Court of Appeals and reinstate the judgment of the trial court.

*Reversed and final judgment.*