COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Russell and Senior Judge Haley
Argued at Richmond, Virginia


JOQUAN WAYNE HAWKINS

                                                  OPINION BY
v.       Record No. 0908-14-2          JUDGE JAMES W. HALEY, JR.
                                                  APRIL 21, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHARLES CITY COUNTY
Thomas B. Hoover, Judge

David B. Hargett for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


In a jury trial, Joquan Wayne Hawkins, appellant, was convicted of aggravated malicious wounding.[1]  On appeal, he argues "[t]he trial court erred in failing to grant the motion to strike the aggravated portion of the charge of aggravated malicious wounding because the only qualifying injury which was severe and permanent and significant physical impairment was the scar that was caused by the surgery rather than the shooting."  Finding no error, we affirm the conviction.

Facts

This Court considers "the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below."  Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).

---

[1] Appellant was also convicted of two counts of use of a firearm in the commission of a felony, malicious wounding, and three counts of shooting into an occupied vehicle.  However, he challenges only the aggravated malicious wounding conviction on appeal.

Appellant shot the victim in the abdomen with a .45 caliber Glock pistol. The bullet caused a "through and through" wound, entering and exiting the victim's abdomen. As a result of the shooting, the victim had surgery in his abdominal area, and he was hospitalized for two weeks.

At trial, the victim showed the two bullet holes to the jury. The record indicates he pointed to a wound located above his right hip and a wound located on the lower left quadrant of his abdomen. In addition, the victim exhibited the surgical scar to the jury. The trial court described the scar as follows.

> The scar is a thick scar. This is not a hairline scar, this is a thick scar, half-inch wide. Midline surgical incision goes below his sternum, down to his navel. It curves around his navel and then goes a couple of inches, two, three inches down below his navel
> . . . .

The trial court also stated the scar was "very clear and obvious" eleven months after the injury, and the "points" where the staples or sutures entered the victim's skin were still visible at the time of trial.

The Commonwealth presented no medical evidence. On cross-examination, the victim agreed that after the shooting, he is able to do all the physical activities he could perform prior to the shooting. When asked by the trial court if he had any "disabilities from the shooting," appellant replied, "No, Sir, I mean I have . . . sometimes, every now and then, stomach pain as far as that."

At the conclusion of the evidence, appellant made a motion to strike the aggravated portion of the charge. Appellant asserted that the bullet he fired did not cause the large scar, rather the surgery caused the scar. Appellant concluded he could not be held responsible for causing the surgical scar, the injury that the Commonwealth relied upon as proof that appellant committed aggravated malicious wounding.

The trial court denied the motion to strike, ruling:

> When you get a gunshot wound that goes from one side of your pelvis to the other side of the pelvis, it's going to cause some kind of injury and the surgery has to be done. [The] surgical incision was obviously directly related to that and that significant surgical scar is sufficient for the Commonwealth to proceed on the charge of aggravated malicious wounding.

### Analysis

In ruling on a defendant's motion to strike the Commonwealth's evidence, a trial court must view that evidence in the light most favorable to the Commonwealth. Cirios v. Commonwealth, 7 Va. App. 292, 298, 373 S.E.2d 164, 167 (1988). A motion to strike tests the legal sufficiency of the evidence. See Rule 3A:15.

Code § 18.2-51.2(A), the statute defining aggravated malicious wounding, provides in pertinent part: "If any person maliciously shoots . . . any other person . . . with the intent to maim, disfigure, disable or kill, he shall be guilty of a Class 2 felony if the victim is thereby severely injured and is caused to suffer permanent and significant physical impairment."

Appellant does not deny that he fired the bullet that entered and exited the victim's abdomen. Appellant does not deny that the surgical scar is a permanent and significant physical impairment pursuant to Code § 18.2-51.2. Appellant's Brief at 3. See also Newton v. Commonwealth, 21 Va. App. 86, 90, 462 S.E.2d 117, 119 (1995) (scars caused by defendant cutting victim with a box cutter visible after five months constituted "permanent and significant physical impairment"). Rather, appellant maintains that the scar is attributable to the surgery and not to his shooting the victim. Appellant asserts that a fair reading of Code § 18.2-51.2 "shows that the statute criminalizes acts which are attributable to" appellant, and appellant did not "directly" cause the surgical scar.

When analyzing the offense of aggravated malicious wounding, it has been stated:

> The impairment must be caused by the defendant. Presumably, as in homicide, there is both a cause-in-fact and proximate causation issue. The latter is obviously the more difficult. The rules applicable in homicide cases are probably transferrable so that if the defendant had the appropriate mental state and did the appropriate act, and the impairing outcome was foreseeable, he should be convicted. So if a victim with a preexisting weakness is maliciously shot by a defendant who intends to kill and the combination of weakness and injury produces impairment, the impairment is foreseeable and proximately caused by the defendant.

Ronald J. Bacigal, Criminal Offenses and Defenses 56 (2014).

Therefore, in addressing appellant's argument, we consider the principles of causation. Causation is circumscribed by reasonably foreseeable consequences of an act. The concept of proximate causation is "applicable in both civil and criminal cases." Brown v. Commonwealth, 278 Va. 523, 529, 685 S.E.2d 43, 46 (2009) (citing Robinson v. Commonwealth, 274 Va. 45, 53, 645 S.E.2d 470, 474 (2007)). "A proximate cause is 'an act or omission that, in natural and continuous sequence unbroken by a superseding cause, produces a particular event and without which that event would not have occurred.'" Id. (quoting Williams v. Joynes, 278 Va. 57, 62, 677 S.E.2d 261, 264 (2009)). "'An intervening act which is reasonably foreseeable cannot be relied upon as breaking the chain of causal connection between an original act of negligence and subsequent injury.'" Gallimore v. Commonwealth, 246 Va. 441, 447, 436 S.E.2d 421, 425 (1993) (quoting Delawder v. Commonwealth, 214 Va. 55, 58, 196 S.E.2d 913, 915 (1973)). Furthermore, "an intervening event, even if a cause of the harm, does not operate to exempt a defendant from liability if the intervening event was put into operation by the defendant's negligent acts." Id.

"'Generally, negligence (whether ordinary, gross, or willful and wanton), contributory negligence, and proximate cause are issues for a jury's resolution. They only become questions

of law to be determined by a court, when reasonable minds could not differ.'" Forbes v. Commonwealth, 27 Va. App. 304, 309, 498 S.E.2d 457, 459 (1998) (quoting Tubman v. Commonwealth, 3 Va. App. 267, 273-74, 348 S.E.2d 871, 875 (1986)).

Applying these principles to appellant's case, we cannot say the trial court erred by denying appellant's motion to strike the aggravated malicious wounding charge. Appellant shot the victim in the abdomen with a .45 caliber Glock pistol. But for appellant shooting the victim, the victim would not have had abdominal surgery resulting in the large scar, a permanent and significant physical impairment. In addition, the surgery did not relieve appellant from liability or break the chain of the causal connection between the shooting and the scar because the surgery was a reasonably foreseeable consequence of the shooting.

As the Supreme Court has stated in the context of a murder conviction:

> When a defendant has inflicted wounds upon a victim that result in an affliction or a disease, the defendant is criminally responsible for the victim's death from that affliction or disease if the wounds caused the death indirectly through a chain of natural effects and causes. An intervening event, even if a cause of death, does not exempt the defendant from liability if that event was put into operation by the defendant's initial criminal acts.

Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265-66 (1998) (citations omitted).

In Jenkins, the defendant shot the victim and the victim received medical treatment in the hospital. Four days later, the victim died while still in the hospital. The medical examiner testified the victim "'died as a result of [the] aspiration following the gunshot wound to the abdomen.'" Id. at 518, 499 S.E.2d at 264. Other evidence indicated "many factors" contributed to the victim's death "but all were" the result of the gunshot wound. Id. at 521, 499 S.E.2d at 266. The Court found the evidence was sufficient to prove "the required causal connection between Jenkins' acts and the victim's death." Id.

We also find the analysis in Brown is instructive here. In Brown, the defendant was convicted of involuntary manslaughter where, during a high-speed chase of Brown, a police officer's vehicle struck another vehicle, killing that driver, the victim. Brown argued his actions did not directly cause the death of the victim, but rather the victim died "solely because" the officer conducted a high-speed chase into a populated area. Brown, 278 Va. at 527, 685 S.E.2d at 45. The Court found the high-speed chase was "a direct result of Brown's reckless driving" and his decision to flee. Id. at 530, 685 S.E.2d at 47. Furthermore, the Court found Brown's actions "'put into operation'" the high-speed chase, thus, Brown was responsible for the victim's death and Brown's conduct "was a cause without which [the victim]'s death would not have occurred." Id. (citation omitted).

Similarly, here, appellant's shooting of the victim "put into operation" the victim's need for surgery, and appellant's conduct was a cause "without which" the victim's surgery and resulting surgical scar would not have occurred.

We find additional support for our conclusion in State v. Anderson, 370 N.W.2d 703 (Minn. Ct. App. 1985), in which the court found the defendant responsible for causing a surgical scar where the defendant's actions caused the need for the surgery. In Anderson, the defendant was convicted of assault in the first degree, which was defined as assaulting another and inflicting great bodily harm. Id. at 705. "Great bodily harm" was defined, in part, as: "Bodily injury which . . . causes serious permanent disfigurement . . . ." Id. (quoting Minn. Stat. § 609.02, subd. 8 (1982)).

In Anderson, the evidence showed the defendant kicked and "stamped on" the victim's stomach area, resulting in a lacerated liver. Surgical repair of that internal laceration created a scar. Id. Despite the fact that the defendant did not inflict the surgical incision that created the

scar, the court held the evidence was sufficient for the jury to find the surgical scar constituted "serious and permanent disfigurement." Id. at 706.

We conclude the trial court did not err in denying appellant's motion to strike the evidence because the Commonwealth presented a prima facie case for consideration by the fact finder. Accordingly, we affirm appellant's conviction.

Affirmed.