COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Petty and Huff
Argued at Richmond, Virginia

UNPUBLISHED

JAQUAN MARKEL BLAND

v.     Record No. 1145-18-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE GLEN A. HUFF
SEPTEMBER 24, 2019

FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Sarah L. Deneke, Judge

Maureen L. White for appellant.

Matthew P. Dullaghan, Senior Assistant Attorney General
(Mark R. Herring, Attorney General, on brief), for appellee.


Jaquan Markel Bland ("appellant") appeals his conviction for unlawfully shooting at an

occupied vehicle in violation of Code § 18.2-154. Appellant was initially charged with

possession of a firearm by someone previously convicted of a violent felony and two counts of

maliciously shooting at an occupied vehicle. After a bench trial, the Circuit Court of Caroline

County struck one count of maliciously shooting at an occupied vehicle, convicted appellant of

the lesser-included offense of unlawfully shooting at an occupied vehicle on the other count, and

convicted appellant on the possession of a firearm charge.[1] The trial court sentenced appellant to

the mandatory minimum of five years' imprisonment on the possession charge and to five years

with four suspended on the unlawful shooting charge.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's does not challenge his conviction for possession of a firearm by a violent
felon.

Appellant argues on appeal that the trial court erred by convicting appellant of unlawfully shooting at a vehicle despite finding that the he did not know the vehicle was occupied. Because appellant failed to present this argument to the trial court in connection with the court's conviction on the lesser-included charge of unlawfully shooting into an occupied vehicle, this Court holds the argument is waived under Rule 5A:18 and affirms.

## I. BACKGROUND

"This Court considers 'the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below.'" Hawkins v. Commonwealth, 64 Va. App. 650, 652 (2015) (quoting Bolden v. Commonwealth, 275 Va. 144, 148 (2008)). So viewed the evidence is as follows:

Late at night on June 22, 2017, Ashley Samuels drove her friend, Lashiva Budd, to the Heritage Pines apartment complex. She drove her 2006 Jeep Liberty. Samuels's two-year-old twin girls were sleeping in the back in their car seats. The rear windows of the Jeep were tinted and rolled up, making it difficult for anyone to see inside.

Shortly after they arrived, Budd started fighting two other women who were there. Samuels got involved trying to break up the fight. Appellant also intervened in the fight. Budd threw a forty-ounce beer bottle at appellant and struck him in the head, leaving a gash. Appellant then pulled out a gun and fired at least twice: Once in the air and once at Samuels's Jeep. At least one round hit the Jeep, flattening a tire and damaging one door. When questioned by police, appellant admitted to the shooting but stated he did not know that the children were in the Jeep.

At the conclusion of the Commonwealth's case in chief, appellant moved to strike the evidence. He argued that the witnesses' testimony was not credible because it was inconsistent with what they had reported immediately after the event. He also argued that it was too dark for

anyone to see into the vehicle through the tinted windows to know the children were in the vehicle. Before ruling on the motion to strike, the trial court asked if the evidence showed appellant knew the children were in the vehicle to establish malice:

> [L]et's talk for just a minute about malice -- malicious shooting. I mean, is there any testimony that -- well, this is not really the place for it, I guess. My question is does the Commonwealth believe that there is evidence presented that the defendant knew there were children in that car or that anyone was in that car for that matter?

The Commonwealth acknowledged there was no evidence appellant knew the vehicle was occupied but argued knowledge was not required by the statute:

> No, and I don't think the Code requires that. I had the same question. I looked at the Code to see if there was a requirement of knowledge or *mens rea* that folks were in the vehicle, and there does not appear to be any cases that I found.

With the Commonwealth's consent, the court then struck one of the malicious shooting counts, but denied the motion to strike for the other count and the possession of a firearm charge.

Appellant presented no evidence. In renewing his motion to strike, he argued that his lack of knowledge that the children were in the vehicle made it impossible for him to form the requisite malice to support a conviction for maliciously shooting at an occupied vehicle:

> Because if he believe[d] that vehicle [wa]s unoccupied and he's unaware of occupants of the vehicle, that then that would go to eat away at this idea that he maliciously pointed a firearm . . . at this vehicle and fired knowing that there were individuals in that vehicle.

The trial court denied the renewed motion to strike. After closing argument on the merits, however, the trial court concluded the Commonwealth had not established that appellant had acted with malice. It convicted him of the lesser-included offense of unlawfully shooting at an occupied vehicle.

> With regard to the charge of maliciously shooting into a vehicle, I don't have any question that you did not know there were children in the vehicle. There's nothing to indicate that, you

know, anybody was yelling "look out for the kids" or that you had any way of seeing in there. . . . But, I don't believe for one second from the evidence that I've heard here today that you were trying to hurt those children or anybody else.

The trial court also convicted him of being in possession of a firearm after having been convicted of a violent felony. This appeal followed.

## II. ANALYSIS

Rule 5A:18 provides that "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or . . . to attain the ends of justice." In order to preserve an issue for appeal, "an objection must be timely made and the grounds stated with specificity." McDuffie v. Commonwealth, 49 Va. App. 170, 177 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621 (1986)). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." Bass v. Commonwealth, 70 Va. App. 522, 538 (2019) (quoting Roadcap v. Commonwealth, 50 Va. App. 732, 741 (2007)). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760 (2003) (*en banc*).

Appellant claims the trial court erred in convicting him of unlawfully shooting at an occupied vehicle because he did not know or have reason to know that the vehicle was occupied. He argues that is a necessary element of the crime of unlawfully shooting at an occupied vehicle. He argues his lack of knowledge is established by the trial court's finding that he "did not know there were children in the vehicle. There's nothing to indicate that, you know, anybody was yelling 'look out for the kids' or that you had any way of seeing in there." He argues that he preserved this issue because he discussed it in his second motion to strike and because the trial court raised it itself.

- 4 -

Although the trial court raising an issue *sua sponte* can serve to preserve the issue, <u>White v. Commonwealth</u>, 21 Va. App. 710, 719-20 (1996), the issue the trial court raised in this case, and the argument appellant made below, is not the same argument appellant makes in this Court. In the trial court, appellant and the trial court discussed whether malice could be established without knowledge that the vehicle was occupied. The trial court ruled in *favor* of appellant on that issue when it convicted him of the lesser-included offense of unlawfully shooting at an occupied vehicle. All the discussion regarding appellant's lack of knowledge of the children's presence happened before the trial court decided the Commonwealth had failed to establish malice. Neither appellant nor the trial court below discussed whether knowledge that the vehicle was occupied is necessary to satisfy the general intent of the lesser-included offense of unlawfully shooting at an occupied vehicle. Because the issue raised in the trial court differs from the issue appellant presents in this appeal, appellant has failed to preserve his argument, and this Court affirms.[2]

### III.  CONCLUSION

Appellant did not make the same argument in the trial court that he makes before this Court. Here he argues knowledge that a vehicle is occupied is necessary to satisfy the general intent requirement of unlawfully shooting at an occupied vehicle. In the trial court, he argued that the Commonwealth had failed to prove he maliciously shot at an occupied vehicle because malice could not be established without knowledge that the children were in the vehicle. Therefore, his argument is waived under Rule 5A:18, and this Court affirms.

<u>Affirmed.</u>

---

[2] At oral argument, appellant requested that this Court apply the ends of justice exception. Appellant is required, however, to raise the ends of justice exception to Rule 5A:18 in his briefs, or this Court will not consider it. <u>Stokes v. Commonwealth</u>, 61 Va. App. 388, 397 (2013).