COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Huff and AtLee
Argued at Norfolk, Virginia


DERRELL MARQUES HARRELL, S/K/A
 DARRELL MARQUES HARRELL
                                                        MEMORANDUM OPINION[*] BY
v.       Record No.  1283-18-1                          JUDGE GLEN A. HUFF
                                                        DECEMBER 27, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Mason D. Williams, Assistant Attorney General (Mark R. Herring,
Attorney General; Liam A. Curry, Assistant Attorney General, on
brief), for appellee.


        Derrell Marques Harrell ("appellant") appeals his conviction for conspiracy to distribute

heroin.  After a bench trial in the Circuit Court for the City of Norfolk, appellant was convicted

of four counts of distributing heroin[1] and one count of conspiracy to distribute heroin.  The trial

court sentenced appellant to twenty-five years' imprisonment with all but three years and two

months suspended.  In a single assignment of error, appellant argues that the evidence was

insufficient to demonstrate he had an agreement—necessary for a conspiracy conviction—with

another person to distribute heroin.  Because the trial court could reasonably infer an agreement

between appellant and the driver who flashed the brakes as a signal to the undercover officer

who purchased the heroin, this Court affirms.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] These counts are not at issue in this appeal.

## I.  BACKGROUND

"This Court considers 'the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below.'"  Hawkins v. Commonwealth, 64 Va. App. 650, 652 (2015) (quoting Bolden v. Commonwealth, 275 Va. 144, 148 (2008)).  So viewed, the evidence is as follows:

An undercover officer with the Norfolk Police Department arranged to buy heroin from appellant multiple times.  Before the fourth, and final, purchase, the officer spoke with appellant on the phone.  Appellant instructed the officer where to meet him and told the officer that he could find the vehicle appellant would be in by its flashing brake lights.  While on the phone with appellant, the officer heard another male voice in the background.

The undercover officer drove to the location of the planned meeting.  Although the undercover officer did not see it, other officers who were surveilling the meeting saw a vehicle, with two individuals in it, flash its brake lights.  They then observed appellant get out of the passenger seat of that vehicle, head towards, and enter the passenger side of the undercover officer's vehicle.  Appellant completed the sale of heroin to the undercover officer.

The undercover officer then signaled the other officers to move in for the arrests.  Appellant fled the undercover officer's vehicle when he observed the other officers moving but was apprehended half an hour later.  Similarly, as soon as appellant's driver, Dante Collins, saw the police approaching, he attempted to flee in the vehicle.  He "accelerated backwards at a high rate of speed," nearly striking an officer and striking a police vehicle.

After a bench trial, the trial court convicted appellant of four counts of distributing heroin and one count of conspiracy to distribute heroin and sentenced appellant to five years' imprisonment for each conviction.  It completely suspended the sentences on the conspiracy

conviction and three of the distribution convictions and suspended all but three years and two months on the remaining distribution conviction. This appeal followed.

## II. STANDARD OF REVIEW

"When reviewing the sufficiency of evidence on appeal, the evidence will be viewed in the light most favorable to the Commonwealth, granting to it all inferences fairly deducible therefrom." Brown v. Commonwealth, 10 Va. App. 73, 77 (1990). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" Chavez v. Commonwealth, 69 Va. App. 149, 161 (2018) (quoting Banks v. Commonwealth, 67 Va. App. 273, 288 (2017)). "[T]he question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Lawlor v. Commonwealth, 285 Va. 187, 224 (2013).

## III. ANALYSIS

Appellant contends the evidence was insufficient to prove he conspired to distribute drugs. Specifically, he contends that the evidence failed to demonstrate that he had an agreement to distribute drugs with the driver of the vehicle.

"Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Brown, 10 Va. App. at 78 (quoting Cartwright v. Commonwealth, 223 Va. 368, 372 (1982)). "[A] common purpose and plan may be inferred from a 'development and collocation of circumstances.'" Id. (quoting United States v. Godel, 361 F.2d 21, 23 (4th Cir. 1966)). "Proof of an explicit agreement to distribute a controlled substance is not required; the agreement may be proved by circumstantial evidence. . . . In fact, the nature of conspiracy is such that 'it often may be established only by indirect and circumstantial evidence.'" Moore v. Commonwealth, 25 Va. App. 277, 288 (1997) (quoting

Brown, 10 Va. App. at 77).  "While '[e]vidence which merely establishes aiding or abetting in the commission of the distribution offense will not suffice to prove a conspiracy . . . [t]he evidence need not show that . . . [the defendant] knew the entire scope or details of the plan of distribution.'"  Id. (quoting Zuniga v. Commonwealth, 7 Va. App. 523, 529 (1988)).

> Where, as here, it has been shown that the defendants "by their acts pursued the same object, one performing one part and the others performing another part so as to complete it or with a view to its attainment, the [fact-finder] will be justified in concluding that they were engaged in a conspiracy to effect that object."

Brown, 10 Va. App. at 78 (quoting Amato v. Commonwealth, 3 Va. App. 544, 552 (1987)).

Here, the evidence demonstrated that the appellant coordinated with the undercover officer to meet the officer to purchase heroin.  Appellant arranged flashing brake lights as a signal to the officer.  Although the undercover officer did not observe brake lights flashing, another officer did see the driver flash the vehicle's brake lights.  Appellant contends that, at most, this evidence demonstrates the driver aided and abetted his drug sale.

Additional evidence, however, allowed the trial court to infer an agreement to sell heroin between appellant and the driver.  First, the officer testified that he heard another male voice in the background while arranging the meeting with appellant.  The trial court could reasonably infer that the male in the background of that call was the driver and that appellant made the arrangement in front of the driver because they were working together to sell the heroin.  Kelly v. Commonwealth, 41 Va. App. 250, 254 (2003) (*en banc*) ("[W]e must . . . regard as true all the credible evidence favorable to the Commonwealth and *all fair inferences* that may be drawn therefrom." (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348 (1998))).

Second, the driver's actions when police approached demonstrate his consciousness of guilt.  "[I]t is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are

- 4 -

admissible as evidence of consciousness of guilt, and thus of guilt itself." Leonard v. Commonwealth, 39 Va. App. 134, 149 (2002) (quoting Langhorne v. Commonwealth, 13 Va. App. 97, 101 (1991)). The driver attempted to flee when he saw the police moving in to arrest appellant. He accelerated quickly in reverse, striking a police car and nearly running over one of the officers. Although appellant argues that the driver's knowledge that he was involved with criminal activity does not necessarily mean the driver and appellant had an agreement to sell heroin, it remained part of the evidence the trial court could consider when determining whether the Commonwealth had proved an agreement existed.

Thus, even though, individually, none of these pieces of information were sufficient to demonstrate the existence of an agreement, "circumstantial evidence is not to be viewed in isolation." Kelly, 41 Va. App. at 259. "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Id. (quoting Commonwealth v. Hudson, 265 Va. 505, 514 (2003)). Taken together in the light most favorable to the Commonwealth, the driver's execution of the signal arranged by appellant combined with the driver's flight when confronted by the police support a conclusion that appellant and the driver had an agreement to sell heroin. Thus, this Court affirms.

## IV. CONCLUSION

The evidence supports the trial court's conclusion that appellant had an agreement for selling heroin with the driver of the vehicle. The driver provided the prearranged signal by flashing the vehicle's brake lights and demonstrated his consciousness of guilt when he fled from

the police.  The trial court could rationally infer that the driver was "performing one part" of the plan to sell heroin while appellant was "performing another part."  This Court affirms.

Affirmed.