COURT OF APPEALS OF VIRGINIA

Present:    Judges Beales, Huff and O'Brien
Argued by videoconference

DARRIN MARK ROBERTSON

                                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0318-19-4                     JUDGE GLEN A. HUFF
                                                    OCTOBER 20, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

Andrew O. Clarke (Andrew Clarke Law, PLCC, on brief), for
appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


The trial court found Darrin Robertson ("appellant") in violation of his probation for

refusing to answer the non-incriminating questions in a sexual history disclosure form required

by his sexual offender treatment program.  The trial court revoked appellant's suspended

sentence and re-suspended the entirety of appellant's sentence.  Appellant contends that the trial

court erred in overruling his Fifth Amendment challenge to completing the sexual history

disclosure form.

Appellant's constitutional arguments are procedurally defaulted for failure to satisfy the

requirements of Rule 5A:12.  Furthermore, the trial court did not abuse its discretion in finding

appellant in violation of the terms of his probation for failing to answer the questions appellant

agreed were non-incriminatory. Therefore, this Court affirms in part and dismisses in part.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

"This Court considers 'the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below.'" Hawkins v. Commonwealth, 64 Va. App. 650, 652 (2015) (quoting Bolden v. Commonwealth, 275 Va. 144, 148 (2008)). So viewed the evidence is as follows.

On November 6, 2009, appellant pled guilty to and was convicted of breaking and entering with the intent to commit rape and attempted rape. Appellant was sentenced to twenty-five years' incarceration, with fifteen years suspended. Appellant's probation upon release was conditioned upon successful participation in any mental health counseling and treatment prescribed by his probation officer. Following appellant's release to probation, he signed a form entitled "Sex Offender Special Instructions" acknowledging that his probation required him to "attend and successfully complete a Sex Offender Treatment Program" approved by his probation officer.

Appellant began an approved treatment program with Counseling and Forensic Services, Inc. On January 24, 2018, Madlyn Humphreys, appellant's sex offender treatment provider, wrote a letter to appellant's probation officer detailing his progress. She explained that appellant "appears to take responsibility for his offense as well as all behaviors included in the offense" and had "offered good feedback to other group members regarding assignments as well as relapse related issues." Additionally, he had completed a "group assignment regarding his offense disclosure and did well on [it]." However, Humphreys explained that appellant had "often derailed from group discussion in an attempt to argue the legality of his placement in Sex Offender Treatment as well as his frustrations with both probation and the treatment process." Furthermore, she stated that appellant was refusing to disclose "any additional information regarding his sexual history" or participate in related group assignments. In particular, appellant

had refused to answer *any* question on the sexual history disclosure form and was invoking the Fifth Amendment to argue that he could not be required to do so. Humphreys explained that this had halted appellant's treatment as it prohibited the development of an individualized treatment plan.

On January 29, 2018, appellant's probation officer submitted a major violation report to the trial court. The report alleged that appellant was violating the conditions of his probation by failing to complete the sexual history disclosure form as it prevented him from successfully continuing with his treatment.

The trial court held an initial hearing on June 8, 2018. The Commonwealth contended that appellant was in violation of his terms of probation for failing to complete the portions of the sexual history disclosure form that could not be incriminating. Specifically, the Commonwealth pointed to questions regarding appellant's consensual sexual activities with age-appropriate peers, participation in group sex episodes, participation in sexual chat rooms, calls to sex lines, non-sexual intimate behavior, and masturbation. It further noted the non-incriminatory nature of questions regarding appellant's sexual orientation and whether he was aroused by certain smells, memories, or types of fetishes such as sadism, masochism, coprophilia, or urophilia. Lastly, the Commonwealth highlighted other, non-sexual questions, which asked appellant to disclose things such as his criminal history and history of alcohol or drug use.

Appellant argued that completion of the sexual history disclosure form was an "all or nothing" proposition. Specifically, he contended that his Fifth Amendment protection against self-incrimination precluded the Commonwealth forcing him to complete the sexual history disclosure because "the vast majority of the questions asked are all incriminating."

The trial court rejected appellant's theory that the sexual history disclosure questionnaire was an "all or nothing" proposition. It noted that "most, if not all," of the questions are

non-incriminating. The trial court ordered the matter continued and ordered appellant to answer the questions that were not self-incriminating. It also stated that it would hear any objections to specific questions which appellant believed were self-incriminating, if necessary.

The trial court held a second hearing on June 19, 2018 in order to hear the testimony of Humphreys, appellant's sex offender treatment provider. The Commonwealth called Humphreys to explain the purpose behind the sexual history disclosure form. Humphreys explained that the form is used to create individualized treatment plans for each patient. The answers allow the treatment providers to glean insight into the sexual behavior of the individual and identify high-risk situations or triggering events that could lead to recidivism. From there, the treatment providers are able to assist individuals with creating coping mechanisms and learning which circumstances or situations should be avoided in order to create a "relapse prevention model." She testified that treatment providers often review portions of the packet with patients before it is completed, as part of their treatment. However, the document is not collected or fully incorporated into their treatment until it is completed. Humphreys also testified to appellant's repeated refusal to complete any portion of the sexual history disclosure form and invocation of the Fifth Amendment. Following the testimony of Humphreys, appellant's counsel informed the trial court that appellant had completed the portions of the sexual history disclosure form that he believed were non-incriminating and that he was prepared to lodge specific Fifth Amendment objections, if necessary. The matter was then continued to hear additional testimony.

A final evidentiary hearing was held on July 26, 2018. At the outset, the Commonwealth informed the trial court that appellant had still not turned over to his treatment providers the answers to the non-incriminating questions on the sexual history disclosure form. The Commonwealth recommended that appellant be ordered to do so and that the matter be continued until the answers were reviewed. The Commonwealth suggested that if the answers were

satisfactory to restart treatment, it would ask the trial court to find a violation but impose no active jail time and allow appellant to reenter treatment. Appellant argued that the trial court could not find him in violation of the terms of probation for failing to answer the non-incriminatory questions because the entire form "in and of itself is highly incriminating." Prior to the trial court ruling on that dispute, the Commonwealth called appellant's probation officer to testify. Appellant's probation officer, like Humphreys, testified to the general purpose of the sexual history disclosure form and to appellant's repeated refusal to complete any portion of the form. Afterwards, appellant renewed his argument that the trial court could not find him in violation for failing to complete even the non-discriminatory portions of the form. Specifically, appellant contended that the trial court could not "find him in violation for good cause when more than half of the questions are potentially incriminating."

The trial court rejected appellant's argument. It specifically declined to rule on his invocation of the Fifth Amendment to avoid answering any of the potentially incriminating questions. Instead, the trial court ruled that appellant's refusal to answer any of the questions he agreed were non-incriminatory violated the terms of his probation. The matter was then continued to a final dispositional hearing.

At the dispositional hearing on January 4, 2019, the Commonwealth informed the trial court that appellant's sexual offender treatment providers had reviewed his answers to the non-incriminatory questions in the sexual history disclosure form. The Commonwealth represented that appellant's providers found the answers satisfactory to restart his treatment. Accordingly, both appellant and the Commonwealth suggested that the trial court impose no active incarceration and allow appellant to resume treatment. The trial court agreed, revoked appellant's suspended sentence, re-suspended it in its entirety, and ordered appellant to resume the sex offender treatment program. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a trial court's revocation of a suspended sentence for abuse of discretion. Hamilton v. Commonwealth, 217 Va. 325, 327 (1976). The trial court has "broad" discretion to revoke a suspended sentence, and the "alleged violation upon which revocation is based need not be proven beyond a reasonable doubt." Id. at 326. When reviewing a trial court's decision for abuse of discretion, this Court does not "substitute [its] judgment" for the trial court's; this Court considers "only whether the record fairly supports the trial court's action." Grattan v. Commonwealth, 278 Va. 602, 620 (2009) (citation omitted).

## III. ANALYSIS

Appellant contends that the trial court erred when it found him in violation of his probation for asserting his Fifth Amendment right against self-incrimination. Alternatively, he contends that it was not reasonable for the trial court to find him in violation. Both arguments are without merit.

### A. Rule 5A:12 Bars Consideration of Appellant's Constitutional Argument

Rule 5A:12 provides that assignments of error "shall list . . . the specific errors in the rulings below . . . upon which the party intends to rely." An assignment of error that "does not address the [trial court's ruling] . . . is not sufficient." Rule 5A:12(c)(1)(ii). Whenever a party's "assignments of error do not address a ruling made by the trial court[,] [this Court will] not consider them." Teleguz v. Commonwealth, 273 Va. 458, 471 (2007) (citation omitted); see also Martin v. Lahti, 295 Va. 77, 88-89 (2019) (deeming appellant's argument waived when the assignment of error failed to address the "basis upon which" the trial court made its ultimate ruling).

Appellant argues that the trial court erred by finding him in violation of his probation for asserting his Fifth Amendment right against self-incrimination. However, the trial court did no

such thing. Indeed, the trial court explicitly declined to rule on the Fifth Amendment issues. Instead, it found appellant in violation of the terms of his probation for refusing to answer questions that appellant agreed were non-incriminatory. Therefore, the trial court's ruling was based on appellant's refusal to answer questions to which no Fifth Amendment right could attach. See Zebbs v. Commonwealth, 66 Va. App. 368, 376 (2016) ("[T]he Fifth Amendment does not immunize people from making . . . embarrassing disclosures. Nor does it provide sanctuary from the obligation to respond to questions whose answers are not incriminating." (citations omitted)).

Appellant attempts to side-step this by arguing that completion of the sexual history disclosure form was an all or nothing proposition. Therefore, appellant argues, invoking his Fifth Amendment protections against self-incrimination in refusing to complete some parts of the form excused his failure to complete the non-incriminatory portions of the form as well.

However, the trial court found that completion of the sexual history disclosure form was not an all or nothing proposition and appellant did not assign error to that finding. Moreover, a review of the record reveals that this finding is not plainly wrong or without evidentiary support. Humphreys did testify that she only *collects* the form once it is completed. However, she also explained that completion of the form is often a multi-week process where patients bring her partially completed forms to review. She testified that this is part of the treatment process. She also testified that appellant's complete refusal to answer any questions was unique and severely hampered her ability to provide treatment. Accordingly, the trial court's finding that appellant could have completed the non-incriminatory portions of the form is binding on this Court.

Therefore, appellant's assignment of error challenges a ruling that the trial court did not make. As such, it fails to satisfy the requirements of Rule 5A:12(c). This Court does not possess active jurisdiction to adjudicate the merits of assignments of error which violate the requirements

of Rule 5A:12(c). See Davis v. Commonwealth, 282 Va. 339, 339-40 (2011); see also Whitt v. Commonwealth, 61 Va. App. 637, 646-49 (2013). Therefore, this Court dismisses appellant's first assignment of error.

### B. The Trial Court Did Not Abuse Its Discretion

Appellant contends that the trial court abused its discretion because it was not reasonable to find appellant in violation of the terms of his probation. Appellant argues that the questions he failed to answer were superfluous and, therefore, it was arbitrary to find him in violation for not answering them. This Court disagrees.

Appellant relies solely on one statement within his probation officer's testimony in which she indicated that appellant's disclosure of merely the age and sex of prior victims might be sufficient to continue with treatment. This, however, does not render the remainder of the sexual history disclosure form superfluous or unnecessary. As Humphreys testified, substantial completion of the form is necessary to develop individualized treatment plans for patients. Indeed, appellant's probation officer also testified to the purpose and value of sex offenders providing complete answers to the entire sexual history disclosure form.

Appellant's argument also mischaracterizes the nature of his probation officer's testimony. His probation officer testified that she was attempting to mediate the situation and find middle ground upon which to move forward—given appellant's refusal to answer even the non-incriminating questions on the sexual history disclosure form. His probation officer's attempt to find a compromise did not render the other questions on the sexual history disclosure form unnecessary to his treatment.

Furthermore, appellant's argument undercuts the role of the trial court in determining whether appellant was in compliance with the terms of his probation. "Under Code § 19.2-306, '[a] trial court has broad discretion to revoke a suspended sentence and probation.'" Davis v.

Commonwealth, 70 Va. App. 722, 731 (2019) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86 (1991)). A trial court may revoke a suspended sentence for any reasonable cause *the court* deems sufficient. Code § 19.2-306. Accordingly, it is the court that is the final arbiter of a probationer's terms of probation and whether he or she has complied with them.

The trial court heard testimony from multiple individuals regarding the importance of appellant substantially completing the sexual history disclosure form in furthering his treatment. Yet, despite admitting that many of the questions were not self-incriminating, appellant refused to answer *any* question on the form for a long period of time. Appellant's recalcitrance rendered him unable to continue with the sexual offender treatment services which were a condition of his probation.

Given these circumstances, the trial court did not abuse its discretion in ruling that there was good cause to find appellant in violation of the terms of his probation and revoking his suspended sentence.

## IV. CONCLUSION

Appellant's constitutional arguments are procedurally defaulted for failure to assign error to an actual ruling of the trial court. Therefore, appellant's first assignment of error is dismissed for lack of jurisdiction. Furthermore, the trial court did not abuse its discretion when it found appellant in violation of the terms of his probation. For a long period of time, appellant refused to answer the non-incriminatory questions on the sexual history disclosure form required by his treatment. As a result, the sexual offender treatment services required by his terms of probation could not continue. Therefore, this Court affirms the judgment below.

Affirmed in part; dismissed in part.