UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Chaney and Frucci
Argued by videoconference

JOHNATHAN MICHAEL HARBACH

MEMORANDUM OPINION[*] BY
v.      Record No. 0057-24-4           JUDGE STEVEN C. FRUCCI
APRIL 15, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF WARREN COUNTY
Daryl L. Funk, Judge

Brett P. Blobaum, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on briefs), for appellant.

Lauren C. Campbell, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Following a jury trial, the circuit court convicted Johnathan Michael Harbach of three counts

of aggravated sexual battery of a victim less than 13 years old.[1] On appeal, he contends that the

circuit court erred by denying his motion to strike all three counts "where the complainant was

inherently incredible as a matter of the law and the evidence and was therefore insufficient to

establish the necessary elements under Code § 18.2-67.3." We disagree and affirm the circuit

court's judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The jury acquitted Harbach of one count of forcible sodomy.

BACKGROUND[2]

Between the ages of six and eleven, A.P.[3] lived in Front Royal, Virginia, with her mother, her brother, and her mother's then-boyfriend, Harbach.[4] According to A.P., Harbach was always physical with her, including caressing her arms and legs and slapping her buttocks. When A.P. was nine years old, she was on the couch with Harbach when the physical touching escalated. Harbach picked A.P. up and carried her to his bed. He wore only his underwear, and A.P. was wearing a pajama shirt. Harbach rubbed his crotch against A.P. while moving his hips. After that time, this behavior occurred regularly.

During one instance, Harbach had them both remove their clothing, and he rubbed his penis against A.P.'s vaginal region. Later on, Harbach attempted, unsuccessfully, to penetrate A.P.'s vagina with his penis. He also attempted to penetrate her anally, but when she told him it hurt, he stopped. Harbach performed oral sex on A.P. and made her perform oral sex on him. On another occasion, Harbach confronted A.P. in their basement as she prepared for a softball game. He pulled her pants down, bent her over, and rubbed his penis between her thighs.

At trial, A.P. explained that she did not tell her mother or brother about the sexual abuse because she and her family were financially dependent upon Harbach and she feared him. A.P. testified that the sexual abuse went on for years and only stopped when she moved to Florida to live

_____

[2] "Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[3] We use initials, rather than names, to protect the privacy of the victim.

[4] At the time of the trial, A.P. was sixteen years old.

with her father after Harbach's relationship with A.P.'s mother became physically abusive. Two years later and after moving in with her father, A.P. told her father and stepmother about the sexual abuse. She explained that she had gotten in trouble and was upstairs crying when she decided to finally tell them about the abuse. She had considered it many times before, but she would always "talk [her]self out of it" and try to "pretend like it didn't happen." She decided "why not just tell them now while [she could] still . . . get help and bring him to justice in some way or another." She testified that previously she had told friends about the abuse, as well.

At the close of the Commonwealth's case in chief, Harbach made a motion to strike, arguing that A.P. was inherently incredible and untrustworthy due to her lack of specificity and delay in reporting. The circuit court denied his motion. Afterwards, A.P. was asked by Harbach's attorney if she recalled "anything unusual" about Harbach's penis. She responded "[n]o" but noted that she was inexperienced and did not have anything to compare it to.[5] A.P.'s mother was then called to testify by Harbach and asked if there was "anything unusual about his penis." She questioned the word "unusual," to which Harbach's attorney responded with "[s]omething that perhaps is not on every man." She then stated that Harbach had a piercing in his penis, though he no longer has it but instead has a scar. Harbach also testified on his behalf and admitted that he was a convicted felon, but he denied sexually abusing A.P. Afterwards, Harbach renewed his motion to strike the evidence, which the circuit court denied. Ultimately, the jury found Harbach guilty of three counts of aggravated sexual battery. Harbach appeals.

ANALYSIS

Harbach argues that the circuit court erred in denying his motions to strike because he claims that A.P. was inherently incredible and that therefore the evidence was insufficient to

---

[5] Notably, she was not asked if she recalled if Harbach had a penis piercing nor if a penis piercing is something unusual about a penis.

establish the necessary elements of aggravated sexual battery of a victim less than 13 years old. He contends that "A.P.'s testimony was contrary to human experience and the physical facts and, as such, was inherently incredible." In doing so, he emphasizes A.P.'s delay in reporting the abuse, inconsistencies in her account, and the fact that she had not noticed anything unusual about his penis.

"We review appellant's challenge to the trial court's denial of his motion to strike under familiar principles." *Vay v. Commonwealth*, 67 Va. App. 236, 249 (2017). "In the context of a jury trial, a trial court does 'not err in denying [a] motion to strike the evidence [when] the Commonwealth present[s] a *prima facie* case for consideration by the fact finder.'" *Id.* (alterations in original) (quoting *Hawkins v. Commonwealth*, 64 Va. App. 650, 657 (2015)). "A motion to strike challenges whether the evidence is sufficient to submit the case to the jury." *Linnon v. Commonwealth*, 287 Va. 92, 98 (2014). Furthermore, "reviewing a challenge to the sufficiency of the evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Melick v. Commonwealth*, 69 Va. App. 122, 144 (2018) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). "In conducting our analysis, we are mindful that 'determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify.'" *Id.* (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "Thus, we will

affirm the judgment of the trial court unless that judgment is 'plainly wrong or without evidence to support it.'" *Id.* (quoting *Kelly*, 41 Va. App. at 257).

Under Code § 18.2-67.3(A)(1), a person "is guilty of aggravated sexual battery if he or she sexually abuses the complaining witness" and the victim "is less than 13 years of age." "Sexual abuse," committed "with the intent to sexually molest, arouse, or gratify any person," occurs when the "accused intentionally touches the complaining witness's intimate parts." Code § 18.2-67.10(6). "'Intimate parts' means the genitalia, anus, groin, breast, or buttocks of any person." Code § 18.2-67.10(2). It is well settled in Virginia law that "a conviction for rape and other sexual offenses may be sustained solely upon the uncorroborated testimony of the victim." *Wilson v. Commonwealth*, 46 Va. App. 73, 87 (2005). "As we have noted, '[b]ecause sexual offenses are typically clandestine in nature, seldom involving witnesses to the offense except the perpetrator and the victim, a requirement of corroboration would result in most sex offenses going unpunished.'" *Id.* at 88 (alteration in original) (quoting *Garland v. Commonwealth*, 8 Va. App. 189, 192 (1989)).

Our cases recognize that a "victim's youth, fright and embarrassment certainly provide[] the jury with an acceptable explanation for [delayed reporting of sexual assault]." *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991); s*ee also Wilson*, 46 Va. App. at 88 (holding that 12-year-old victim's delayed report due to her fear of the defendant and "shame and embarrassment at what was happening to her" was consistent with human experience); *Love v. Commonwealth*, 18 Va. App. 84 (1994) (holding that 13-year-old victim's 7-year delay in reporting ongoing sexual abuse did not render her testimony inherently incredible). Here, A.P. explained that she delayed reporting the incidents because her family was financially dependent on Harbach, and later, after moving to Florida, she did not tell her father for two years because she wanted to ignore what had happened and "pretend like it didn't happen." Although the delay

was lengthy, the jury permissibly accepted A.P.'s explanation and her account of what had occurred.

The "conclusions of the fact finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness'] testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."'" *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011) (alteration in original) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). "Where credibility issues are resolved by the jury in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong." *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010). Moreover, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018).

Regardless of the fact that a jury may acquit a defendant for a variety of reasons, Harbach further argues that A.P.'s testimony was inherently incredible because he argues that the jury necessarily disbelieved at least a portion of A.P.'s testimony since it acquitted him of a forcible sodomy charge. Even if one assumes that the jury in this case chose to disbelieve A.P.'s account of the forcible sodomy but accept her testimony about the other abuse, it was entitled to do so and that does not make A.P. inherently incredible. *See Davis v. Commonwealth*, 57 Va. App. 446, 463 (2011) ("The trier of fact is not required to accept a party's evidence in its entirety, but is free to believe and disbelieve in part or in whole the testimony of any witness.").

Further, "a jury's rendering of inconsistent verdicts in the guilt phase, although not encouraged, does not, standing alone, provide a basis for reversal." *Commonwealth v. Greer*, 63 Va. App. 561, 570 (2014). "The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt." *Id.* (quoting *Wolfe v. Commonwealth*, 6 Va. App. 640, 647 (1988)). "When the law says that it is for triers of the facts to judge the credibility of a witness, the issue is not a matter of degree." *Smith*, 56 Va. App. at 718 (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989)). As long as a "witness deposes as to facts[,] which, if true, are sufficient to maintain their verdict, then the fact that the witness' credit is impeached by contradictory statements affects only the witness' credibility; contradictory statements by a witness go not to competency but to the weight and sufficiency of the testimony." *Id.* (alteration in original) (quoting *Swanson*, 8 Va. App. at 379). "If the trier of the facts sees fit to base the verdict upon that testimony there can be no relief in the appellate court." *Id.* at 718-19 (quoting *Swanson*, 8 Va. App. at 379).

The jury believed A.P.'s testimony and rejected Harbach's denials that he sexually abused her. Despite the delay in reporting, A.P. clearly recalled the details of the events and stated with certainty that they had occurred. The record fully supports the circuit court's conclusion that the Commonwealth presented a prima facie case for consideration by the fact finder, and therefore, the circuit court did not err by denying Harbach's motion to strike. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Harbach was guilty of three counts of aggravated sexual battery.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*